643 S.E.2d 395 (2007)
In the Interest of M.J.L. et al., children.
No. A06A2369.
Court of Appeals of Georgia.
March 13, 2007.
*396 Lawrence W. Daniel, for appellant.
Thurbert E. Baker, Attorney General, Shalen S. Nelson, Senior Assistant Attorney General, Sanders B. Deen, Marietta, for appellee.
MILLER, Judge.
Following the termination of their respective parental rights, the biological mother of M.J.L. and J.J.S. and the biological father of J.J.S. filed this appeal. The parents assert that the juvenile court erred in finding clear and convincing evidence that the children were deprived. Discerning no error, we affirm.
On appeal, we view the evidence in the light most favorable to the trial court's judgment to determine whether "any rational trier of fact could have found," by clear and convincing evidence, that the biological parents had forfeited their parental rights. In the Interest of C.R.G., 272 Ga.App. 161, 611 S.E.2d 784 (2005). In so doing, we "neither weigh[] evidence nor determine[] the credibility of witnesses; rather, we defer to the trial court's fact-finding and affirm unless the appellate standard is not met." (Citation omitted.) Id. at 162, 611 S.E.2d 784
So viewed, the evidence shows that on October 9, 2003, the children and their sibling, J.S., were taken into custody by the State Division of Family and Children Services, acting through the Cobb County Department of Family and Children Services (the "Department"). The Department sought custody after J.S. was hospitalized for multiple physical injuries, including blunt force trauma to the brain, and placed on life support. Shortly thereafter, J.S. died from his injuries, and the parents were indicted for his murder.[1]
Because it appeared that J.S.'s condition resulted from severe physical abuse, the Department sought and received an order of temporary protective custody of the children. That order found that the children were deprived and noted that the parents had consented to the finding of deprivation.
On January 17, 2004, the juvenile court issued a temporary placement order which allowed the Department to retain custody of the children and which specifically found that the children were deprived. The parents did not appeal either of these orders.
On June 17, 2004, the Department filed a petition to terminate the parental rights of each parent. Following an extensive hearing, the juvenile court granted that petition. It is from that ruling that the parents appeal.
A juvenile court's termination of parental rights is a two-step process: The first step *397 requires a finding of parental misconduct or inability, which requires clear and convincing evidence that: (1) the child is deprived; (2) lack of proper parental care or control is the cause of the deprivation; (3) such cause of deprivation is likely to continue; and (4) the continued deprivation will cause or is likely to cause serious physical, mental, emotional, or moral harm to the child. If these four factors are satisfied, the court must then determine whether termination of parental rights is in the child's best interest, considering physical, mental, emotional, and moral condition and needs, including the need for a secure and stable home.
(Citations and punctuation omitted.) In the Interest of A.C., 272 Ga.App. 165, 166, 611 S.E.2d 766 (2005).
Here, the parents have appealed only the juvenile court's finding that the children were deprived. They have not appealed the findings as to the remaining three factors underlying the juvenile court's determination of parental misconduct or inability. See OCGA § 15-11-94(b). Nor have they appealed the finding that termination of parental rights was in the best interest of the children.
Given that the parents failed to appeal the juvenile court's prior findings of deprivation, however, they are bound by the same. See In the Interest of M.S., 279 Ga.App. 254, 261(1), 630 S.E.2d 856 (2006) (Deprivation proceedings are separate and distinct from parental termination proceedings, and "a termination proceeding is not the proper time to assert error in the deprivation proceedings."); In the Interest of A.C., supra, 272 Ga.App. at 166(1)(a), 611 S.E.2d 766 (Where a deprivation order is not appealed, the parents are "bound by [the] finding of deprivation for purposes of the termination hearing."). The parents' sole enumeration of error, therefore, is without merit.
In light of the foregoing, we affirm the judgment of the juvenile court terminating the appellant-mother's parental rights as to both M.J.L. and J.J.S. and terminating the appellant-father's parental rights as to J.J.S.
Judgment affirmed.
JOHNSON, P.J., and ELLINGTON, J., concur.
NOTES
[1] We take judicial notice of the fact that, since the filing of this appeal, both parents have been convicted of felony murder in connection with J.S.'s death.